[Crim. No. 625. Third Appellate District.—May 10, 1922.]

## THE PEOPLE, Respondent, v. JAMES L. LAINO, Appellant.

[1] CRIMINAL LAW—SECRETING AND DISPOSING OF INSURED PROPERTY —COMMISSION OF ACT BEFORE CODE AMENDMENT—UNAUTHORIZED CONVICTION.—A conviction under section 548 of the Penal Code of the crime of secreting and disposing of insured property with intent to defraud the insurer thereof was unauthorized, where at the time of the commission of the alleged offense the amendment

to such section making such act a crime had not become effective and it was only criminal to burn, injure, or destroy such property with such intent.

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial. Stanley Murray, Judge. Reversed.

The facts are stated in the opinion of the court.

Collins & Collins, H. I. Maxim and J. J. Coghlan for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of secreting and disposing of insured property with intent to defraud the insurer thereof. From the judgment of conviction and the order denying his motion for a new trial he prosecutes this appeal.

The indictment alleges that the crime was committed on or about July 19, 1921, in Madera County. The evidence shows that prior to the nineteenth day of July, 1921, the defendant removed certain insured personal property from his residence in Madera County to the city of Fresno, in Fresno County, where it remained until December 28, 1921, when it was taken into custody by the officers of Madera County. The defendant's dwelling-house from which the property had been removed, together with the contents thereof, was destroyed by fire July 19, 1921. In his proofs of loss the defendant seems to have included the property which he had removed as stated. These proofs were made in Fresno.

[1] The defendant was prosecuted under section 548 of the Penal Code. At the time of the alleged offense that section made it criminal to burn, injure, or destroy insured property with intent to defraud the insurer thereof. That section was amended in 1921 (Stats. 1921, p. 99), effective July 29, 1921, making it a crime to burn, injure, destroy, *secrete, abandon,* or *dispose* of insured property with intent to defraud the insurer. From the foregoing statement it is apparent that no element of the crime charged

was committed in Madera County after the amendment went into effect. At the hearing on appeal the respondent did not contest this proposition, but submitted the matter without argument on behalf of the people. Of whatever crime the defendant may be guilty, it is plain that he did not commit the offense charged in Madera County.

The judgment and order are reversed.

Hart, J., and Burnett, J., concurred.